Christian, J.,
concurred in the opinion of Staples, J.
Moncure, P.
This day came as well the plaintiff in error, by his counsel, as the Attorney-General, on behalf of the Commonwealth, and the court, having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is-of opinion that, the court being equally divided in opinion upon the question presented by the first bill of exceptions, whether the accused was entitled to be examined before a justice of the peace for the offence ■with which he was charged in the indictment, which he had been recognized to answer, before he could be-required to answer the same; the ruling of the said Hustings court in refusing to grant his motion to bn taken before a justice of the peace, in order to his examination for the said offence, as mentioned in the said bill of exceptions, is therefore affirmed. The court is-of opinion that the said^ Hustings court did not err in overruling the motion of the accused to quash the indictment, because the grand jury that found the same. *789 were required to be freeholders, because the officer who ■summoned them summoned none but freeholders, and dhe clerk, before they were sworn, demanded to know of each of them whether they were freeholders, as mentioned in the second bill of exceptions: nor in excluding the plea in abatement tendered by the accused “ that the supposed grand jury by which the indictment was alleged to be found, was'not summoned or empanneled according to law, in this, that the entire panel were summoned by the proper officer of the said court, under the second and third sections of chapter 206 of •the Acts of Assembly of 1866-’7, relating to grand Juries, and were required to be freeholders, and not disqualified under the terms of the said third section; and were not summoned according to the provisions of the third article of the constitution of Virginia; ” as mentioned in the third hill of exceptions. It did not appear, and was not alleged, that any of the grand Jury were disqualified. All of them may have been .good and lawful men, qualified to serve as grand jurors not only under the said act of assembly, but under the ■constitution. That they were freeholders did not dis■qualify them under either. They may also have been, if that were necessary, and it is to be presumed they were, entitled to vote and hold office, according to the requirements of the constitution. The accused, therefore, would have no good cause to complain that he was indicted by a disqualified grand jury, even if the third section of the third article of the constitution, which declares that “ all persons entitled to vote and hold office, and none others, shall be eligible to sit as Jurors,” operated proprio vigore, and without any legislation on the subject, to repeal all existing laws apparently in conflict therewith. But the court is of opinion that it had no such effect; that legislation is proper .and necessary to put it in operation; and that until ■such legislation takes place, the existing laws in regard *790 to grand juries will continue in force. But when such legislation shall take place, the existing law in regard. grand juries, so far as it may he repealed or altered ^ the new ^aw’ cease to exist.
The court is further of opinion that the Hustings court erred in overruling the motion of the accused to-quash the venire facias “because the same is not in conformity to law, and for errors apparent upon the face thereof,” as mentioned in the fourth bill of exceptions. The second section of the schedule annexed to the constitution provides that all indictments which shall have been found, or which may hereafter be found, for any crime or offence committed before the adoption of this constitution, may be proceeded upon as if no change had taken place.” The “crime or offence,” in this, case, if committed at all, was committed before the adojition of the said constitution. The fourth section of the said schedule provides “that all crimes and misdemeanors and penal actions shall be tried, punished and prosecuted as though no change had taken place, until otherwise provided by law.” The court is of opinion that, according to this provision, the act passed April 27th, 1867, entitled “An act to revise and amend the criminal procedure,” which was in force at the time of the adoption of the constitution, was continued in force until otherwise provided by law; and as it has-not yet been otherwise provided by law, the said act-has ever since continued, and yet continues, in force. The venire facias in this case, therefore, instead of being issued in the form set forth in the said fourth bill of exceptions, ought to have been issued in pursuance of the directions of chapter 208 of the Code, as amended by the said act. See Acts of Assembly 1866-’67, pp. 932, 933; and for this error the said judgment must be reversed.
The court might here conclude this opinion without taking any notice of any other questions presented by *791 the record. But as these questions have heen fully argued before this court, and as all or most of them may again arise in the future trial of this case in court below, this court has considered them, and will now proceed to express an opinion upon such of them as are likely again so to arise.
The court deems it unnecessary to express any opinion upon the questions presented by the 5th and 6th hills of exceptions in regard to the witness, Oscar Cranz, as it is not likely that any such questions will arise in any future trial of this case. But the court is of opinion that the Hustings court did not err in overruling the objection made by the accused to the question proposed by the Commonwealth to he put to the witness, John H. Gibbon, as mentioned in the ninth hill of exceptions; nor' in overruling the motion of the accused to exclude from the jury, and to instruct them to disregard, as evidence, the answer of the said witness to the said question, as mentioned in the 10th bill of exceptions.
The court is further of opinion, that the said Hustings court did not err in overruling the objection of the accused, to the question propounded to the witness Emanuel Erancis, and permitting the witness to answer the same, as mentioned in the seventh bill of exceptions ; nor in overruling the motion of the accused to reject and to direct the jury to disregard the questions propounded to, and the answers of the said witness, as mentioned in the eighth hill of exceptions.
As to the eleventh hill of exceptions taken to the refusal of the Hustings court to permit the witness, William Eolkes, clerk of the County court of Henrico, when the action brought on the writing mentioned in the indictment was pending in said court, to answer the question propounded by the accused to the said witness, whether any reason had been given to him by J. H. Sands, as counsel for the defendant in said ac *792 tion, for not filing a plea in the case; and as to the 'twelfth hill of exceptions taken to the refusal of the said court to permit the question of the accused, 'Wkether Sanxay, the defendant in the said action, was present with his counsel in the clerk’s office, and what was said by Sanxay as to why he would not defend the suit, but let the judgment go by default, to be put to the said witness. The court is of opinion that the admissibility of the declarations sought to be elicited by the' question propounded to the said witness as aforesaid, depends upon whether they were made in connection and concomitance with the fact to which the said witness had just before testified, that no plea was pleaded by the counsel for defendant, and that judgment went by default. The said bills of exceptions do not sufficiently show such connection and concomitance to enable the court to determine the question of admissibility. They do not show whether the said declarations were made at a time when a plea could be pleaded in the said action, and in reference to the question whether such plea should be put in or not; or were made at some other time and unconnected with that question. In the former case, they were admissible evidence as part of the res gestee, and as being exT planatory of the fact of not putting in such plea; in the latter they were inadmissible, because unaccompanied by any fact which was in evidence in the case, and which they could tend to explain.
In regard to the opinion of the Huntings court in refusing to give the instructions asked for by the accused, and in giving others in their stead: which is the subject of the thirteenth bill of exceptions: all the testimony, oral and written, before the jury on the trial of the cause, and, when instructions were asked for, and refused or given as aforesaid, is set forth in the said bill of exceptions; and it tended to prove that Solomon Haunstein, a foreigner, died in the city’of *793 Richmond, in the year 1861, intestate, and without heirs, having lived in the city several years before his •death, and accumulated quite a large estate, consisting partly of personal property, but chiefly of houses and lots, in or near the city; that Richard I). Sanxay was curator of the said Haunstein5 s estate; that a writing, purporting to be the writing obligatory of the said Haunstein, for the sum of seven thousand dollars, payable on demand to John W. Thompson or order, and an endorsement thereon purporting to be the endorsement of said John W. Thompson, being the writing and endorsement in the indictment mentioned, were forged; that an attempt was made by the accused, professing to act as counsel or attorney at law for William Gleason, assignee of said John W. Thompson, to collect the sum of money mentioned in said writing, and to enforce its payment out of the estate of the said' Haunstein; that, in the prosecution of that attempt, he first demanded payment of the said sum of the said curator; secondly, brought an action at law upon the ■said writing, and obtained judgment in said action; thirdly, brought a suit in chancery to enforce the said .judgment against the real estate of said Haunstein, and obtained a decree for the sale thereof; and, fourthly, executed a receipt as “ attorney for Wm. Gleason, assignee of John W. Thompson,” to R. D. Sanxay, special commissioner, for the sum of forty-nine hundred and ninety-six dollars, in part satisfaction and discharge of the said judgment; the said sum being composed of $4,079 38, net proceeds of the sale of the real estate, and $917 56, balance due by the said curator on account of the personal estate of said Haunstein ; and that, in making the said attempt, the accused knew the said writing and endorsement to be forged and intended to defraud.
The court deems it hardly necessary to disclaim any intention, in making the foregoing statement, to inti *794 mate any opinion upon the weight of the testimony, "which belongs exclusively to the consideration and determination of the jury. The statement of what the testimony tends to prove, is made merely to show the application of the instructions, and to explain the opinion of the- court thereupon. The court is of opinion, that everything said or done by the accused in the prosecution of the said attempt, with the knowledge and intent aforesaid, for the purpose of obtaining the money mentioned in said writing, was “ an attempt tO' employ as true such forged writing, knowing it to be forged,” within the meaning of the Code, ch.193, § 5, p. 797.
As to the first instruction asked for by the accused, the court of Hustings did not err in giving, in lieu thereof, the first of the instructions given by the court.
' As to the second instruction asked for, the said court did not err in giving the same, with an addition thereto. But the court is of opinion, that, to make the proper meaning more plain, the following words, or other words to the same effect, ought to have been inserted at the end of said addition, viz : “ If such assertion or declaration was made in the prosecution of the purpose of obtaining the money mentioned in the said writing,” so as to make the addition read thus: “ But any assertion or declaration, by word or act, that the forged writing or endorsement is good, with such knowledge or intent, is an uttering or attempting to employ as true the said writing or endorsement, if such assertion or declaration was made in the prosecution of the purpose of obtaining the money mentioned in the said writing.”
As to the third instruction asked for, which is in these words, “ that, to convict the accused, upon the said last mentioned counts,” to wit, the second and fourth, “ the jury must he satisfied that, at the time the said forged writing and said endorsement were filed by *795 the accused in the clerk’s office of the County court of Henrico, he knew that the same were forged,” the court is of opinion, that the said court of Hustings did not err in refusing to give it. The said instruction assumed that the attempt to employ the said forged writing and endorsement as true, could consist only, according to the evidence, in filing the same in the said clerk’s office; whereas the evidence tended to prove other acts of the accused which constituted such an attempt.
As to the fourth instruction asked for by the accused, and the third instruction given by the said court in lieu thereof, the court is of opinion that the Hustings court did not err in refusing to give the former. The position assumed by the said instruction asked for was, that the bringing of a suit upon a forged paper, as counsel, does not amount to an uttering or attempting to employ the same as true, within the meaning of the law on which the prosecution is founded, even though the accused, at the time of bringing such suit, knew that the paper was a forgery. The court is of opinion, that this is not a sound position; and that the bringing of a suit upon a forged paper, as counsel, for the purpose of recovering the money purporting to be due by such paper, does amount in law to an uttering or attempting to employ the same as true; and if the act be done with knowledge of the forgery and intent to defraud, it constitutes an offence within the meaning of the Code, p. 797, ch. 19B, see. 5. It would have been sufficient for the court merely to have refused to give the fourth instruction asked for, without giving any other in its place. But, if it was deemed proper to give another, it ought to have been to the above effect, instead of the third instruction given by the court.
As to the fifth instruction asked for by the accused, and the fourth. instruction given by the said court in *796 lieu thereof, the court is of opinion that there was no error in that respect. The said instruction asked for was vague in its meaning, embraced an abstract proposition, and was calculated to mislead the jury. Any fact which is a necessary ingredient of an offence, as guilty knowledge is, of the offence charged in the second and fourth counts of the indictment, must be proved on a trial for such offence, by the evidence in the cause, or by fair inference therefrom. To say that such guilty knowledge must be proved as a “ substantive fact,” seems to imply that stronger or other evidence is required of this fact than of other material facts of a case. “ That the law does not presume guilty knowledge from any state of the proof against the accused,” was a general and abstract proposition, upon which the said court could not properly be called on to express an opinion. The Commonwealth had not asked for an instruction that the law presumed guilty knowledge from any particular facts which the evidence tended to prove, if the jury believed them to be true. Had such been the case, the accused might well have asked for an instruction to the contrary. But such was not the case. And the Hustings court properly instructed the jury, “ that,'to convict the accused under the second and fourth counts of the indictment, the guilty knowledge therein imputed to him must be proved by the evidence in the cause, or by fair inference therefrom.”
As to the sixth instruction asked for. by the accused, and the fifth instruction given by the said court in lieu thereof; the instruction asked for was, “that to convict the accused the jury must be governed entirely by the testimony before them and the fair inferences therefrom; and that they must not presume or assume the guilt of the accused by reason of his failure or neglect to produce evidence in his own behalf.” The instruction given was precisely the same with the instruc *797 tion asked for, with this addition, “ but that is a fact which, if it appears, may he considered by the jury in connection with the other facts proved in the ease.” The proposition embodied in the instruction asked for was certainly true, hut laid down without explanation, it was calculated to mislead the jury, and induce them to believe that, no matter how strongly the evidence of the Commonwealth might tend to prove the guilt of the accused, and no matter how plainly it might appear that the accused had it in his power to produce evidence in elucidation of the subject matter of the charge against him, yet his failure or neglect to do so was not a circumstance which could he weighed by the jury in connection with the other facts proved in the case. This is certainly not true. The conduct of a party in omitting to produce that evidence in elucidation of the subject matter in dispute, which is within his power, and which rests peculiarly within his knowledge, frequently affords occasion for strong presumptions against him; since it raises a strong suspicion that such evidence, if adduced, would operate to his prejudice. 1 Starkie on Evidence, p. 34, part 1, sec. 16; 2 Bussell on Crimes, p. 729, library edition. The Hustings court was, therefore, right in making an explanatory addition to the instruction asked for; hut, instead of the words used by the said court for that purpose, the addition ought to have been in the words or to the effect following, to wit: “ But, if the jury believe that it is in the power of the accused to produce evidence in elucidation of the subject matter of the charge against him, then his failure or neglect to produce such evidence may he considered by the jury in connection with the other facts proved in the case.”
As to the seventh instruction asked for by the accused, and the sixth instruction given by the said court in lieu thereof, the court is of opinion that there is no error in that respect.
*798 The court is further of opinion that the said court of Hustings did not err in overruling the motion of the to set aside the verdict on the following grounds adeged fry him, viz:
1st. “That there was no evidence of an intention on the part of the accused to defraud the United States, or any State, or any county, corporation, officer or person.”
2dly. “That there was no evidence to show that the writing in the indictment mentioned was uttered, or attenxpted to he employed as true to any person, hut was filed with a declaration in a suit at law, in the clerk’s office of Henrico county court.” And
8dly. “ That the alleged uttering and attempting to employ as true occurred in the county court of Henrico, and within the jurisdiction of that court; and not within the jurisdiction of the Hustings court of the city of Biehmond.”
In regard to the first of these grounds: there was evidence tending to show an intention on the part.of the accused to defraud the personal representative of Solomon Haunstein, who was the legal owner of the personal estate of said Haunstein, and also to defraud the heirs at law of the said Haunstein, if he had any, or the State of Virginia, if he had none.
In regard to the second ground: there was evidence tending to show that the writing in the indictment mentioned was uttered or attempted to he employed as true to a person, to wit: to B. D. Sanxay, curator of the estate of said Haunstein. But whether there was such evidence or not, there certainly was evidence.tending to show the attempt, by action at law and suit in •equity to enforce payment of the money mentioned in the said writing, out of the estate of said Haunstein; which said attempt was an attempt to employ said writing .as true, within the meaning of the law.
In regard to the third ground: the alleged uttering *799 and attempting to employ as true occurred within the jurisdiction of the Hustings court of the city of Richmond. The demand of the money of the personal representative of Haunstein was made in the city. The Circuit court of Henrico, in which the suit in equity was brought, was held in the city. And though the action at law was brought iu the County court of Henrico, yet the' court-house and clerk’s office of said county are situated within the territorial limits of said city. And the court of Hustings has jurisdiction, not only within the said limits, but also for the space of •one mile on the north side of James river, without and around said city. Acts of Assembly 1852, chap. 365, § 3, p. 259; Code of 1860, chap. 157, § 4, p. 661; Id. •ch. 158, § 53, p. 676.
Wherefore, for the error of the said court of Hustings, in overruling the motion of the accused to quash the venire facias as aforesaid, it seemeth to the court here that the judgment aforesaid is erroneous. Therefore it is considered that the same be reversed and annulled; and it is ordered that the verdict rendered by the jury be set aside, and that the cause be remanded to the said court of Hustings, with directions to proceed, in the manner prescribed by law, to cause another jury, duly qualified, to come and to say whether the said George Chahoon be guilty of the felony wherewith he stands accused, and in the said indictment mentioned, or not guilty, and further to proceed as the law requires. Which is ordered to be certified to the ■said court of Hustings of the city of Richmond.
Judgment reversed.